**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Oscar Lee Traynor, | ) | No. CV 03-2082-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Winnebago Industries, Inc. & Workhorse Custom Chassis Inc., | ) ) | |
| Defendants. | ) ) | |

On August 3, 2005, the Court granted summary judgment on Plaintiff's claims against Winnebago. Doc. #159. The Court held that Winnebago's warranty was limited and that Plaintiff therefore was not entitled to the statutory refund or replacement remedies of 15 U.S.C. § 2304. *Id.* at 2-5. The Court also held that Plaintiff had failed to raise a question of fact as to whether Winnebago had breached its limited warranty. *Id.* at 5-8. Plaintiff seeks reconsideration of this ruling. *See* Doc. ##164, 170, 174.

Plaintiff argues that the Sunova's steering problem was caused by improper weight distribution in the Winnebago body and not solely by the Workhorse chassis, citing paragraph 39 of his amended statement of facts in opposition to Winnebago's motion for summary judgment. But Plaintiff did not make this argument in response to Winnebago's motion. Plaintiff briefed the motion extensively. He filed a response (Doc. #134), an amended response (Doc. #136), a statement of facts (Doc. #135), an amended statement of facts (Doc. #137), a motion to supplement his response (Doc. #149), a second motion to

1 supplement (Doc. #150), a third motion to supplement (Doc. #155), and a fourth motion to
2 supplement (Doc. #157). In all of this briefing Plaintiff never argued that the Sunova's
3 steering problem was caused by improper weight distribution.

4 Although it is now appears that the latter portion of the thirty-line paragraph 39 in
5 his amended statement of facts contained the assertion that the steering problem was
6 caused by improper weight distribution, Plaintiff never cited paragraph 39 for this
7 proposition in his response to Winnebago's motion. Plaintiff cited paragraph 39 for the
8 entirely different propositions that he purchased the motor home (amended response at 1)
9 and that it was a single product (*id.* at 3, 6, 9).

10 When considering a motion for summary judgment, the Court does not have an
11 obligation to "scour the record in search of a genuine issue of triable fact." *Keenan v.*
12 *Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). As another court has famously stated, "[j]udges
13 are not like pigs, hunting for truffles buried in the briefs." *United States v. Dinkel*, 927 F.2d
14 955, 956 (7th Cir. 1991). Moreover, motions for reconsideration are not the place for parties
15 to make new arguments not raised in their original briefs. *See Northwest Acceptance*
16 *Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). For this reason, the
17 Court will not reconsider its ruling that Plaintiff failed to create an issue of fact as to
18 whether Winnebago breached its limited warranty.

19 The Court also disagrees with Plaintiff's remaining arguments. Despite the evidence
20 that Plaintiff does not understand "exactly what components make the chassis," Affidavit
21 ¶ 16, Plaintiff has presented no evidence that he expected the term "chassis" to exclude the
22 steering when he bought the Sunova and agreed to the terms of the limited warranty.
23 Moreover, this issue is not central to the Court's conclusion that the Sunova warranty was
24 limited and excluded certain parts of the Sunova, thereby excusing the warranty from the
25 requirements of § 2304. *See* Order at 4.

26 Likewise, Plaintiff's evidence does not show that Winnebago made representations
27 in its marketing materials that contradicted the limited warranty. Plaintiff's evidence merely
28

1  recites his general expectation that the warranty would be full because none of
2  Winnebago's advertisements specified that the warranty was limited. *See* PSOF ¶ 2, 18-19.
3  Plaintiff's evidence still falls short of showing affirmative conduct by Winnebago to
4  "induce[] [Plaintiff] to believe in certain material facts" regarding the warranty. *Ray v.*
5  *Mangum*, 788 P.2d 62, 67 (Ariz. 1989). The evidence shows that Winnebago gave a limited
6  warranty and never conveyed any contrary information to Plaintiff.

7  Finally, Plaintiff argues that the Court erred in concluding that the remedies of the
8  Magnuson-Moss Warranty Act are not available in this case. The Court has already
9  addressed this issue at length. *See* Order at 2-5. A motion for reconsideration is not the
10 time to ask the Court to rethink what it has already thought. *United States v. Rezzonico*,
11 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

12 Citing to footnote 11 in his amended response to Winnebago's motion, Plaintiff
13 suggests that his reasonableness argument is asserted under § 2310, not § 2304, and that
14 the Court therefore erred in basing its ruling on § 2304. Plaintiff argued in his amended
15 response (Doc. #136) that the refund and replacement remedies of § 2304 were available,
16 notwithstanding the limited nature of this warranty, because the standards of § 2304 spoke
17 only to limitations on the duration of implied warranties, the exclusion of certain damages,
18 and remedies for a breach of warranty, none of which – Plaintiff asserted – applied to this
19 warranty. *Id.* Clearly, Plaintiff was trying to maintain his right to obtain the remedies of
20 § 2304. To the extent Plaintiff now seeks to change his argument, he may not do so in a
21 motion for reconsideration.

22 Also pending before the Court is Plaintiff's motion to consolidate this case with
23 CV-03-1290. Doc. #158. The Court is advised that Judge Bolton, presiding over
24 CV-03-1290, has already denied the motion and that the parties have settled that action.
25 The Court will deny Plaintiff's motion to consolidate as moot.

26 Because of the delay caused by ruling on Plaintiff's motion for reconsideration, the
27 deadlines established in the Order of October 26, 2005 (Doc. #179) will be extended by
28

approximately 30 days. The Court will issue an Amended Order Setting Final Pretrial Conference that establishes the new deadlines.

**IT IS ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. #164) is **denied**.
2. Plaintiff's Motion to Consolidate Cases (Doc. #158) is **denied**.
3. Plaintiff's Joint Motion for Extension of Time is **granted** in part as will be set forth in an Amended Order Setting Final Pretrial Conference.

DATED this 1st day of December, 2005.

David G. Campbell
United States District Judge