**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Lee Traynor, | No. CV 03-2082-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Winnebago Industries, Inc. & Workhorse Custom Chassis Inc., | |
| Defendants. | |

Plaintiff has asked the Court to enter final judgment in favor of Defendant Winnebago under Rule 54(b) of the Federal Rules of Civil Procedure or, alternatively, to certify the summary judgment in favor of Winnebago as appealable under 28 U.S.C. § 1292(b). *See* Doc. #184. Plaintiff also asks the Court to stay the trial against Workhorse while he pursues the appeal against Winnebago. *Id.* For the reasons set forth below, the Court will enter a final judgment against Winnebago under Rule 54(b), will deny the request for a § 1292(b) certification, and will deny Plaintiff's request to stay the trial against Workhorse.

**A.   Rule 54(b).**

The Court has granted summary judgment in favor of Winnebago. *See* Doc. #159. The Court has also denied Plaintiff's request for reconsideration. *See* Doc. #181. Thus, all claims against Winnebago have been resolved.

The Court finds that there is no just reason for delaying entry of judgment in favor of Winnebago. Winnebago has filed a motion for attorneys' fees (Doc. #185) and asks the

Court to delay entry of judgment until that motion has been resolved (Doc. #189), but the Court may (and will) consider Winnebago's fee application even after judgment has been entered. *See* LRCiv 54.2(b)(1).

### B. § 1292(b).

Because the Court will enter a final judgment in favor of Winnebago under Rule 54(b), the provisions of 28 U.S.C. § 1292(b) do not apply. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2658.2 at 90. The Court accordingly will deny Plaintiff's alternative request for a certification under § 1292(b).

### C. Stay Request.

Plaintiff asks the Court to stay the trial against Workhorse, arguing that such a stay may prevent two trials (if Plaintiff's appeal is successful) and will avoid potential prejudice to Plaintiff. The Court concludes that Plaintiff will not be prejudiced by proceeding to trial against Workhorse. Plaintiff's claim against Workhorse is based on the warranty issued by Workhorse. The nature of this claim will not change if Winnebago's appeal is successful. Although Plaintiff may prefer as a matter of trial strategy to have both Workhorse and Winnebago in the same case, trial strategy cannot dictate the Court's docket. This case has been pending since October of 2003. It is time for the case to be resolved. The trial against Workhorse will not be stayed. The existing schedule for briefing of pretrial matters shall remain in effect. *See* Doc. #182.

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion (Doc. #184) is **granted in part and denied in part**.

2. Final judgment is entered in favor of Winnebago Industries, Inc. pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

3.     The action against Defendant Workhorse Custom Chassis, L.L.C. shall not be stayed.

DATED this 11th day of January, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge