**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Oscar Lee Traynor, | ) | No. CV 03-2082-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Winnebago Industries, Inc. & Workhorse Custom Chassis Inc., | ) | |
| Defendants. | ) | |

Defendant Workhorse Custom Chassis, LLC ("Workhorse") has filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #223. Workhorse has also filed a motion for reconsideration of the Court's February 17, 2006 order denying its motion in limine with respect to incidental and consequential damages. Doc. #221. Plaintiff has responded to these motions, and Workhorse has filed a reply in support of its motion to dismiss.

**I.     Motion to Dismiss**.

Workhorse argues that the Court should dismiss this case for lack of subject matter jurisdiction because Plaintiff's claim does not meet the $50,000 jurisdictional limit for claims under the Magnuson-Moss Warranty Act ("MMWA"). *See* 15 U.S.C. § 2310(d)(3)(B). Specifically, Workhorse argues that the purchase price of Plaintiff's motor home was $81,222.54, that Plaintiff sold the motor home for $49,000 in October of 2005, and that the maximum recovery in this case is therefore $32,222.54. Workhorse also argues that Plaintiff is not entitled to recover consequential or incidental damages.

**A.     Legal standards**.

"Under a well-settled principle, reflected in numerous cases, the existence or nonexistence of the required amount in controversy is determined as of the time that an action is commenced in the federal courts or arrives there from state court by way of removal. Once the case is in the federal system, subsequent events in the litigation, 'whether beyond the plaintiff's control or the result of his volition,' cannot destroy the district court's subject matter jurisdiction once it has been acquired either by an original matter or by way of removal." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* §3702 at 62-65 (2005) (footnotes and citations omitted). The Ninth Circuit has explained the process for deciding whether jurisdiction existed at the outset of the case: "As with suits in diversity, we look no farther than the pleadings to determine the amount in controversy unless 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

The test for determining whether the jurisdictional minimum is satisfied is also well settled: "If it 'appear[s] to a legal certainty that the claim' cannot meet the statutory threshold, the suit should be dismissed for lack of jurisdiction." *Id*. (quoting *Crumm v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)). Thus, this case can be dismissed for lack of subject matter jurisdiction only if the Court concludes to a legal certainty that Plaintiff's claim on the date of filing did not satisfy the $50,000 jurisdictional amount.

**B.     Analysis**.

Plaintiff's complaint did not specifically allege an amount in dispute, but it did assert that Plaintiff paid $126,720.12 for his motor home and claimed that he was entitled to recover "all monies paid toward the subject vehicle, as well as other damages." Doc. #1. Later in the case, Plaintiff reduced to $81,222.54 his claim concerning the amount paid for the motor home. The difference between this amount and the amount alleged in the complaint appears to have been interest Plaintiff would have paid on the financing of the

1 vehicle. From the face of the complaint, whether the Court relies on the original amount 2 claimed or the subsequent amount of $81,222.54, Plaintiff was asserting a claim in excess 3 of the $50,000 jurisdictional minimum.

4 Workhorse argues, however, that the Court should reduce Plaintiff's claim by the 5 $49,000 Plaintiff received when he sold the motor home some two years after commencing 6 this lawsuit. As noted above, however, for purposes of jurisdiction the amount in 7 controversy is determined at the beginning of the case and may not be reduced by subsequent 8 developments. Because the sale of the motor home and Plaintiff's realization of $49,000 did 9 not occur until well after the complaint had been filed, that amount cannot be taken into 10 account in determining the jurisdictional minimum. Once the case is in the federal system, 11 subsequent events in the litigation, whether beyond Plaintiff's control or the result of his 12 volition, cannot destroy this Court's subject matter jurisdiction. *See* Wright & Miller, 13 § 3702.

14 **II.   Consequential and Incidental Damages**.

15 On February 17, 2006 and in a subsequent order, the Court denied Workhorse's 16 motion in limine with respect to consequential and incidental damages. The Court relied on 17 Judge Martone's conclusion in *Muller v. Winnebago Indus., Inc.*, 318 F.Supp.2d 844, 849 18 (D. Ariz. 2004), that Plaintiff may avoid the written exclusion of incidental and consequential 19 damages in Workhorse's limited warranty by showing that the warranty fails of its essential 20 purpose. In its motion for reconsideration, Workhorse calls the Court's attention to 21 *Chaurasia v. General Motors Corp*, 126 P.3d 165 (Ariz. Ct. App. 2006). The Court has 22 reviewed *Chaurasia* and has read Judge Martone's opinion in *Muller* a second time, and 23 concludes that it should follow the rationale of *Chaurasia*.

24 The question is whether Workhorse's exclusion of consequential and incidental 25 damages in its limited warranty would be enforceable under Arizona law. Judge Martone 26 concluded that Arizona courts likely would hold such a damages limitation provision 27 unenforceable if the plaintiff could show that the warranty failed of its essential purpose. 28 *Muller*, 318 F.Supp.2d at 849. Although no Arizona court had addressed the issue directly,

- 3 -

1 Judge Martone concluded that the Arizona Supreme Court likely would borrow the "fails of
2 its essential purpose" doctrine from the Uniform Commercial Code and Arizona statutes and
3 apply it to limited warranty claims. *Id*.

4 After Judge Martone's decision had been entered, the Arizona Court of Appeals in
5 *Chaurasia* declined to look to the UCC when addressing limited warranties under the
6 MMWA. The plaintiff in *Chaurasia* argued that the "reasonable number of attempts"
7 doctrine in the UCC should be applied to a limited warranty under the MMWA. The Court
8 of Appeals declined to borrow this doctrine from the UCC, noting that Congress has
9 exempted limited warranties from the reasonable number of attempts requirements of full
10 warranties and, "[a]bsent contrary language, Chaurasia cannot engraft the UCC or Arizona
11 Lemon Law reasonableness cases onto his MMWA claim and cannot derive the benefit of
12 the cited authorities." 126 P.3d at 170, ¶ 12.

13 *Chaurasia* is not directly on point. The Court of Appeals did not address the "fails
14 of its essential purpose" doctrine. The Court of Appeals did make clear, however, that it was
15 unwilling to borrow a doctrine from UCC law that was not found in the MMWA, particularly
16 when the MMWA appeared to be inconsistent. Although Defendant has not cited MMWA
17 law that is inconsistent with the "fails of its essential purpose" doctrine, the indication from
18 *Chaurasia* appears to be that Arizona courts will look to the MMWA in its own right and
19 will not engraft on it principles from the UCC or Arizona statutes. Judge Martone's decision
20 in *Muller* was based on a 1981 Arizona Supreme Court decision. Because *Chaurasia*
21 constitutes a more recent indication that Arizona courts will not do so, the Court concludes
22 that it should not assume that the "fails of its essential purpose" doctrine will be engrafted
23 onto limited warranties in Arizona cases. As a result, the Court reverses its prior decision
24 and concludes that the "fails of its essential purpose" doctrine will not be available to
25 Plaintiff in this case.

26 This ruling, however, does not dispose of Workhorse's motion in limine. As
27 Workhorse itself noted in its motion, the damages exclusion in its limited warranty must be
28 enforced "unless Plaintiff can show that the provision is unconscionable." Doc. #200 at 4.

1 *See also* Doc. #227, ¶ 11.  Although Workhorse argued in its motion in limine that Plaintiff has no evidence to prove that the damages limitation clause is unconscionable, motions in limine are not motions for summary judgment.  Because the Court cannot conclude as a matter of law that the damages limitation provision is enforceable – Plaintiff might convince the jury that it is unconscionable – Workhorse's motion in limine with respect to consequential and incidental damages is still denied.

**IT IS ORDERED:**

1. Defendant Workhorse Custom Chassis, LLC's motion to dismiss for lack of subject matter jurisdiction (Doc. #223) is **denied**.

2. Defendant Workhorse Custom Chassis, LLC's motion for reconsideration of the Court's February 17, 2006 Order re Incidental/Consequential and Other Damages (Doc. #221) is **denied**.  Plaintiff will not be permitted, however, to assert the "fails of its essential purpose" argument at trial.

DATED this 27th day of March, 2006.

_____
David G. Campbell
United States District Judge