**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Lee Traynor,   )| No. CV 03-2082-PHX-DGC |
| Plaintiff,   ) | |
| vs.   ) | **ORDER** |
| Winnebago Industries, Inc. & Workhorse Custom Chassis Inc.,   ) | |
| Defendants.   ) | |

Defendant Winnebago Industries, Inc., which prevailed on summary judgment, now seeks to recover its attorneys' fees under Arizona Revised Statutes § 12-341.01. Doc. #185. Plaintiff opposes the request. Doc. #197.

Plaintiff brought this action under the Magnuson-Moss Warranty Act ("MMWA"). Because courts applying the MMWA look to state warranty law in some instances, and because Plaintiff's MMWA claim arose out of a written warranty, Winnebago argues that this case is one "arising out of contract" within the meaning of the Arizona statute. *See* A.R.S. § 12-341.01(A).

The Court does not agree that the Arizona statute applies. Plaintiff asserts a federal cause of action. As the Ninth Circuit has held, the MMWA "creates a *federal* private cause of action for a warrantor's failure to comply with the terms of a written warranty." *Milicevic v. Fletcher Jones Imports, Ltd.,* 402 F.3d 912, 917 (9th Cir. 2005) (citing 15 U.S.C. § 2310(d)(1)(B)) (emphasis added). This is not a diversity case in which state claims have

1 been brought to federal court. The power of this Court has been invoked as a matter of
2 federal question jurisdiction. 28 U.S.C § 1331.

3     Although it is true that the MMWA looks to state warranty law in certain instances,
4 this fact does not transform Plaintiff's claim into a cause of action brought under Arizona
5 law. Plaintiff has sued in federal court, asserting a federal right of action, pursuant to federal
6 question jurisdiction. Federal law, therefore, governs the question of attorneys' fees. *See*
7 *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1379 (9th Cir. 1994) (federal law, not
8 state law, governs the parties' right to recover attorneys' fees in federal question case); *Home*
9 *Savings Bank F.S.B. v. Gillam*, 952 F.2d 1152, 1162 (9th Cir. 1991) (same). This is
10 particularly true where the federal law in question contains its own attorneys' fee provision,
11 as does the MMWA – a provision, Winnebago agrees, that does not entitle it to recover fees
12 in this case.

13     Winnebago argues that this Court should follow the recent decision of the Arizona
14 Court of Appeals in *Chaurasia v. General Motors*, 468 Ariz. Adv. Rep. 9 (App., 1/3/06).
15 The Court in *Chaurasia* addressed an MMWA claim brought in state court and concluded
16 that the right to attorneys' fees should be governed by Arizona law. In so holding, the Court
17 concluded that Congress had not pre-empted state attorneys' fees statutes in the MMWA.
18 But holding that Congress has not prohibited a state from applying its own attorneys' fees
19 statute in its own courts is not the same as holding that a federal court exercising federal
20 question jurisdiction over a federal cause of action should apply state law. Decisions of the
21 Arizona Court of Appeals should be followed by this Court when applying Arizona law, but
22 this is a federal case with a federal cause of action. Congress has given no indication that
23 federal courts should look to state law when awarding attorneys' fees in MMWA cases. To
24 the contrary, Congress has expressly provided an attorneys' fee provision in the MMWA that
25 does not entitled Winnebago to a recovery.

26     The Court concludes that Winnebago is not entitled to recover attorneys' fees in this
27 case. In so holding, the Court aligns itself with the three other cases in this district that have
28 addressed the same question. *See Plagens v. National RV Holdings, Inc.,* 2005 WL 1353936

(D. Ariz. 2005); *Weber v. Fleetwood Motor Homes of Indiana, Inc.*, CV03-2606-PHX-JWS (Dec. 29, 2005 Order); *Goelz v. Winnebago and Freightliner*, CV-03-1290-PHX-SRB (Nov. 21, 2005 Order).

**IT IS ORDERED** that Winnebago's application for attorneys' fees (Doc. #185) is **denied**.

DATED this 28th day of March, 2006.

_____
David G. Campbell
United States District Judge